# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHSETTS

.

TIMOTHY POTVIN, indiviually and others similarly situated
    Plaintiff

v.

SHARKNINJA OPERATING LLC ,
  Defendant

COMPLAINT – CLASS ACTION

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this proposed class action pursuant to 28 U.S.C. § 1332(d), the Class Action Fairness Act ("CAFA"). CAFA grants federal courts original jurisdiction over any class action in which the proposed class has at least 100 members, any member of the proposed class is a citizen of a State different from any defendant, and the matter in controversy exceeds the sum of $5 million, exclusive of interest and costs. A least one putative Class member is a citizen of a state different from Defendants. On information and belief, the amount in controversy exceeds $5 million.

2. This Court has personal jurisdiction over Defendant because Defendant is registered and does business in the Commonwealth of Massachusetts.

3. Venue is proper in this District under 28 U.S.C. § 1391(b)(1). Substantial acts in furtherance of the alleged improper conduct, including selling faulty items that can cause personal injury occurred on the Commonwealth of Massachusetts.

## PARTIES

4.      The Plaintiff, TIMOTHY POTVIN, is a natural person, who currently and at the time of the facts allege4.d in the complaint resided 37 Cedar Street. Taunton, Bristol County, Massachusetts

5.      Defendant SHARKNINJA OPERATING LLC , is Limited Liability Company organized under the laws of the State of Delaware and is registered in the Commonwealth of Massachusetts with a principle office of 180 Wells Avenue, Newton, MA.

## FACTS

6.      Sometime prior to August 31, 2014, Plaintiff purchased a Ninja Mega Kitchen System 1500 Model No. BL770 (hereinafter "subject product")

7.      Defendant is the designer and manufacturer of the subject product.

8.      Plaintiff was taking the cover off the 8 cup food processing attachment off the subject product when the interior blade fell out of the bowl and landed on Plaintiff's big toe of his right foot causing a severe laceration.  The Plaintiff was using the product for its general purpose and its intended and ordinary uses The incident resulted in Plaintiff severing two tendons requiring surgery and extensive rehabilitation treatment.

## COUNTI NEGLIGENCE

9.      Plaintiff repeats and re-alleges paragraphs 1 through 7 as if expressly set forth herein. By placing products in the marketplace for the public to purchase; the

10.     Defendant has a duty to assure that the products will not be unreasonably dangerous with normal intended use, and to warn consumers of any potential dangers that may result with normal use.

11.     The Defendant breeched its duty to assure that products will not be unreasonably dangerous with intended use, and warn consumers of  dangers of using the product as intended.

12.    This breech includes, but is not limited to:  allowing the blade of the subject product to sit loosely within the bowl without anything to prevent it from moving or falling out of the bowl, allowing the cover the fit so tightly in the bowl that a large amount of force must be used to remove the covercausing the blade to move around and potentially fall out of the bowl, not designing the bowl deep enough to prevent the blade from falling out of the bowl should the blade move around, and not warning customers that the blade is not secured to the bowl and its potential to fall out causing injury.

13.     As a direct and proximate result of the Defendant's negligence, Plaintiff sustained considerable injury.  Mr. Potvin had to have surgery could not bear weight on the toe for about six weeks.  He then attended physical therapy to improve range of motion, pain, tenderness, muscle strength and edema resulting from this incident.  Mr. Potvin continues to suffer from his injuries and his way of life, including raising of his young child has been affected.

   WHEREFORE, Plaintiff demands judgment against the Defendant in an amount deemed appropriate by the Court plus costs.

## COUNT II
## IMPLIED WARRANTY OF MERCHANTABILITY

14.    Plaintiff repeats and re-alleges paragraphs 1 through 13 as if expressly set forth herein.

15.    In distributing, selling, and placing the subject product in the stream of commerce; the Defendant warranted that the subject product was merchantable and reasonably fit and suitable for its intended and ordinary uses.

16.    This product is intended for home kitchen use.

   WHEREFORE, Plaintiff demands judgment against the Defendant in an amount deemed appropriate by the Court plus costs.

## CLASS ALLEGATIONS

17. All of the foregoing paragraphs are re-alleged as if fully set forth herein.
18. This action is maintainable as a class action pursuant to Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure. 48. Plaintiffs bring this action on behalf of a Class defined as follows:

> Class: All consumers who purchased Ninja Mega Kitchen System 1500 Model No. BL770  :

19. All members of the Classes and Sub-Classes were similarly affected by Defendants' negligence and the relief sought herein is for the benefit of Plaintiffs and members of the Class

20. On information and belief, the Defendant is one of the best selling small home appliance companies in the United States.

21. Based on the sales and popularity of Ninja Products, the number of consumers in the Class is so large as to make joinder impracticable, if not impossible. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. Mail, electronic mail, Internet postings, and/or published notice

22. The claims asserted by Plaintiffs in this action are typical of the claims of the Class and respective Sub-Classes, as they arise from the same course of conduct by Defendants, and the relief sought within the Class and Sub-Classes is common to the Class and Sub-Class Members. There are no defenses available to Defendants that are unique to Plaintiffs.

A TRIAL BY JURY IS DEMANDED ON ALL ISSUES

| | |
|---|---|
| November 20, 2023 | THE PLAINTIFF<br>By his attorney:<br><br>_____/s/Damien J. Martin_____<br>Damien J. Martin<br>MA BBO#: 633174<br>2341 Boston Road<br>Wilbraham, MA 01095<br>(413) 433-5000<br>Damien@djm-law.net |